1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  DAVID J. BECERRA, | )  Case No.: 1:13-cv-01384-SAB (PC) |
| 12              Plaintiff, | )<br>)<br>)  ORDER DISMISSING COMPLAINT, WITH |
| 13      v. | )  LEAVE TO AMEND, FOR FAILURE TO STATE<br>)  A COGNIZABLE CLAIM FOR RELIEF |
| 14  WASCO STATE PRISON, et al., | )<br>)  [ECF No. 1] |
| 15              Defendant. | )<br>) |
| 16 _____ | ) |

17        Plaintiff David J. Becerra is appearing pro se and in forma pauperis in this civil rights action

18  pursuant to 42 U.S.C. § 1983.

19

20                                 **I.**

21                    **SCREENING REQUIREMENT**

22        The Court is required to screen complaints brought by prisoners seeking relief against a

23  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25  "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

26  monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

27        A complaint must contain "a short and plain statement of the claim showing that the pleader is

28  entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

1

1   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

2   do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly,

3   550 U.S. 544, 555 (2007)).  Plaintiff must demonstrate that each named defendant personally

4   participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County,

5   Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

6          Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings

7   liberally construed and to have any doubt resolved in their favor, but the pleading standard is now

8   higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive

9   screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow

10  the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal,

11  556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).   The "sheer

12  possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely

13  consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556

14  U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

17          On July 17, 2013, Plaintiff was arrested in Corona, California.  The Corona police department

18  made note of the personal property that was in Plaintiff's possession at the time of his arrest.  Plaintiff

19  indicates that he had "rings" in his possession which were passed down from his father after he passed

20  away.  The Corona police department made sure to send Plaintiff's personal property to the Robert

21  Prestly Detention Center and Southwest Detention Center during his transfer.

22          On August 6, 2013, Plaintiff was transferred to Wasco State Prison.  During the processing,

23  Plaintiff's personal belongings were presented to him.  One of the correctional officers told Plaintiff to

24  choose only one ring.  Plaintiff asked if he could send the other rings home, and Plaintiff's request to

25  send the other rings was denied because he did not have money in his account.  Plaintiff requests the

26  return of the rings or a court order to prevent such action in the future.

27  ///

28  ///

2

### III.

### DISCUSSION

**A.      Sovereign Immunity**

Plaintiff names Wasco State Prison as the sole Defendant in this action.  Plaintiff is advised that Wasco State Prison is not a person for purposes of 42 U.S.C. § 1983 liability.  Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); Greater Los Angeles Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987).

The Eleventh Amendment bars suit against the state unless immunity is waived.  The Wasco State Prison is protected by Eleventh Amendment Immunity as an arm of the state.  Zolin, 812 F.2d at 1110.  Waiver of immunity is not easily done.  Micomonaco v. Washington, 45 F.3d 316, 319 (9th Cir. 1995).  Typically, "[w]aiver of Eleventh Amendment immunity by a state will be found only where stated by the most express language or by such overwhelming implication from the text [of a state statute] as [will] leave no room for any other reasonable construction."  Id. at 319.  There is no evidence in the record that Wasco State Prison has waived its Eleventh Amendment immunity.  Accordingly, the prison is immune from suit under 42 U.S.C. § 1983 pursuant to the Eleventh Amendment.

**B.      Due Process-Deprivation of Property**

The Due Process Clause of the Fourteenth Amendment of the United States Constitution protects Plaintiff from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974), and Plaintiff has a protected interest in his personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).  Authorized, intentional deprivations of property are actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13, 104 S.Ct. 3194 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), but the Due Process Clause is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections," Nevada Dept. of Corrections v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing Vance v. Barrett, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted), cert. denied, 132 S.Ct. 1823 (2012).

///

Even if Plaintiff can name a proper Defendant, Plaintiff fails to allege any facts supporting a claim that he was denied the procedural process he was due.  The fact that Plaintiff's personal property was confiscated and has yet to be returned, alone, is not sufficient to support a plausible due process claim.  Greene, 648 F.3d at 1019.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted.  Plaintiff is granted leave to file an amended complaint within thirty (30) days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.      Plaintiff's complaint, filed August 30, 2013, is dismissed for failure to state a claim;

///

4

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **March 17, 2014**

UNITED STATES MAGISTRATE JUDGE

5