UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. BECERRA,<br><br>    Plaintiff,<br><br>    v.<br><br>WASCO STATE PRISON, et al.,<br><br>    Defendant. | Case No.: 1:13-cv-01384-SAB (PC)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT, WITHOUT LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 11] |

Plaintiff David J. Becerra is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on September 9, 2013.  Local Rule 302.

On March 17, 2014, the Court screened and dismissed Plaintiff's original complaint, with leave to amend, for failure to state a cognizable claim for relief.

Now pending before the Court is Plaintiff's first amended complaint, filed March 27, 2014.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

1  monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

2  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

On August 6, 2013, when Plaintiff arrived at Wasco State Prison, Plaintiff was given three rings to choose from which did not include a ring from his deceased father. Plaintiff expressed his desire to retain the ring from his father, but his request was denied because the ring contained an engraving with designs which was not allowed within the prison.

## III.
## DISCUSSION

**A.     Sovereign Immunity**

Plaintiff names Wasco State Prison as the sole Defendant in this action. Plaintiff is advised that Wasco State Prison is not a person for purposes of 42 U.S.C. § 1983 liability. Simmons v.

1  Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); Greater Los Angeles
2  Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987).
3      The Eleventh Amendment bars suit against the state unless immunity is waived.  The Wasco
4  State Prison is protected by Eleventh Amendment Immunity as an arm of the state.  Zolin, 812 F.2d at
5  1110.  Waiver of immunity is not easily done.  Micomonaco v. Washington, 45 F.3d 316, 319 (9th Cir.
6  1995).  Typically, "[w]aiver of Eleventh Amendment immunity by a state will be found only where
7  stated by the most express language or by such overwhelming implication from the text [of a state
8  statute] as [will] leave no room for any other reasonable construction."  Id. at 319.  There is no
9  evidence in the record that Wasco State Prison has waived its Eleventh Amendment immunity.
10  Accordingly, the prison is immune from suit under 42 U.S.C. § 1983 pursuant to the Eleventh
11  Amendment.

12      **B.**    **Due Process-Deprivation of Property**

13      The Due Process Clause of the Fourteenth Amendment of the United States Constitution
14  protects Plaintiff from being deprived of property without due process of law, Wolff v. McDonnell,
15  418 U.S. 539, 556, 94 S.Ct. 2963 (1974), and Plaintiff has a protected interest in his personal property,
16  Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).  Authorized, intentional deprivations of property
17  are actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13, 104
18  S.Ct. 3194 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), but the Due Process Clause is
19  violated only when the agency "prescribes and enforces forfeitures of property without underlying
20  statutory authority and competent procedural protections," Nevada Dept. of Corrections v. Greene,
21  648 F.3d 1014, 1019 (9th Cir. 2011) (citing Vance v. Barrett, 345 F.3d 1083, 1090 (9th Cir. 2003))
22  (internal quotations omitted), cert. denied, 132 S.Ct. 1823 (2012).

23      Even if Plaintiff can name a proper Defendant, by way of name or designation as a "doe"
24  defendant, Plaintiff fails to allege any facts supporting a claim that he was denied the procedural
25  process he was due.  The fact that Plaintiff's personal property was confiscated and has yet to be
26  returned, alone, is not sufficient to support a plausible due process claim.  Greene, 648 F.3d at 1019.
27  Despite the Court's prior advisement of the deficiencies in Plaintiff's claim, the allegations in the first
28  amended complaint essentially mirror those made in the original complaint.  As a result, there is

nothing to indicate Plaintiff could amend his claim to state a cognizable Due Process violation. Therefore, the first amended complaint must be dismissed, without leave to amend. See Chodos v. West Publishing Co., 292 F.3d 992, 1003 (9th Cir. 2002) (leave to amend may be denied when a plaintiff was previously notified of the deficiencies in his claims but did not cure them.)

## IV.

## CONCLUSION AND ORDER

Based on the foregoing,

IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint, is DISMISSED, without leave to amend, for failure to state a cognizable claim; and

2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.

Dated: **April 24, 2014**

UNITED STATES MAGISTRATE JUDGE

4